UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CLIFF JENNINGS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:09-cv-72 (Phillips) |
| CITY OF LAFOLLETTE, TENNESSEE, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion for Remand of Case to State Court [Doc. 3]. For the reasons that follow, plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff is the former mayor of the City of Lafollette, Tennessee, a position he held for approximately twenty-three years. Plaintiff retired in November 2008 and alleges that at that time, he was vested with full pension and healthcare benefits. Plaintiff alleges that the defendant terminated his healthcare benefits on January 6, 2009, without notice or an opportunity to be heard or due compensation.

Plaintiff initiated this action in the Circuit Court for Campbell County, Tennessee, alleging, inter alia, claims of breach of contract, breach of the covenants of good faith and fair dealing, violations of 42 U.S.C. § 1983, and constitutional violations. Defendant removed this action on February 25, 2009, citing 28 U.S.C. § 1331 and 28 U.S.C. § 1343 as the basis of removal jurisdiction. Plaintiff now moves to remand.

## II. ANALYSIS

Plaintiff argues that state law predominates and the court should therefore exercise its discretion to remand under 28 U.S.C. § 1441(c). That provision states,

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). The essence of plaintiff's motion is that any federal law issues pleaded are mere components establishing his main, state-law claim for breach of contract. [*See* Doc. 4 at 2].

The court must first, however, determine whether removal was appropriate. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Accordingly the court must determine whether this court would have had original jurisdiction in this case. Because the parties are non-diverse, the court questions whether it would enjoy original jurisdiction under 28 U.S.C. § 1331, providing "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"A claim falls within this court's original jurisdiction under 28 U.S.C. § 1331 only in those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (quotation omitted). Plaintiff argues that his complaint does not "depend on the resolution of a substantial question of federal law" and that his constitutional violations are merely peripheral to his main claim, a state-law claim for breach of contract. Yet plaintiff ignores a key component of his

complaint. Plaintiff has not simply pleaded, as he claims, a breach-of-contract claim with constitutional violations that establish the means of the breach, not the overarching cause of action. Rather, plaintiff has pleaded a federal cause of action, namely, plaintiff has stated a claim under 42 U.S.C. § 1983. [Compl., Doc. 1 at 8]. Because plaintiff has pleaded a "cause of action ... created by federal law, that is, where federal law provides a right to relief," *Eastman*, 438 F.3d at 550, and not simply state-law claims which peripherally implicate federal issues, it clear that plaintiff has pleaded claims "arising under the ... laws ... of the United States," 28 U.S.C. § 1331. Accordingly, removal to this court was proper. 28 U.S.C. § 1441(a)-(b); *id.* § 1331.[1]

Because the court has found that plaintiff's pleaded cause of action under 42 U.S.C. § 1983 clearly arises under federal law, the court need not undertake a deeper probe into whether plaintiff's breach-of-contract and other claims plead significant federal issues such that they are said to arise under state law. *See Eastman*, 438 F.3d at 550-54 (discussing second, more amorphous test for federal claims "arising under" federal law where "state-law claims implicate significant federal issues"). The court further finds that to the extent state law does predominate in plaintiff's remaining claims, retaining all claims will best serve the interests of judicial economy, and accordingly the court will decline to exercise its discretion under 28 U.S.C. § 1441(c) to "remand all matters in which State law predominates."

While plaintiff may attempt to couch his complaint in terms of state law, he has pleaded, at a minimum, one very clear federal cause of action such that removal was proper under 28 U.S.C.

---

[1] 28 U.S.C. § 1343 provides an additional or alternative basis for jurisdiction. 28 U.S.C. § 1343(a)(3) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person ... [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States ...."); 42 U.S.C. § 1983 (providing cause of action for same).

-3-

§ 1331. Moreover, plaintiff's argument that even if one were to "remove[] any reference to any federal statute or constitutional provision, Plaintiff's Complaint would still stand on the basis of breach of contract and other state cause of actions asserted," [Doc. 6 at 1], is clearly misplaced, as this is not the applicable test for determining whether this court would have original jurisdiction. "The party who brings his suit is master to decide what law he will rely upon." *Eastman*, 438 F.3d at 550 (quotation omitted). Plaintiff very clearly chose to rely upon a federal cause of action under 42 U.S.C. § 1983, and accordingly this court has jurisdiction per defendant's removal, irrespective of whether the remaining state-law claims would stand without the references to violations of federal law. 28 U.S.C. § 1441(c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein ....").

### III. CONCLUSION

Based on the foregoing, the court finds that removal to this court was proper, as this court would have had original jurisdiction over plaintiff's complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. To the extent there are claims in which state law predominates, the court declines to exercise its discretion under 28 U.S.C. § 1441(c) to remand those claims to the state court.

In sum, plaintiff's Motion for Remand of Case to State Court [Doc. 3] is **DENIED**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge

-4-

Case 3:09-cv-00072-TWP-CCS   Document 9   Filed 04/08/09   Page 4 of 4   PageID #: 59