UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CLIFF JENNINGS, )
)
      Plaintiff, )
) No. 3:09-CV-72
) (PHILLIPS/SHIRLEY)
V. )
)
CITY OF LAFOLLETTE, )
)
      Defendant. )

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the District Court's referral [Doc. 24] of Plaintiff's Motion to Deem Requests for Admissions as Admitted [Doc. 19] to this Court for disposition.

### I.    **BACKGROUND AND POSITIONS**

This case was originally filed in the Circuit Court for Campbell County, Tennessee, on February 5, 2009. [Doc. 1]. On the same day, the Plaintiff served upon the Defendant Plaintiff's First Requests for Admissions. On February 25, 2009, the Defendant removed the case to this Court pursuant to 28 U.S.C. § 1446.

The Plaintiff now moves the Court to deem the Requests for Admissions, served while this case was pending in state court, to be admitted because the Defendant has not responded to or denied these requests. [Doc. 20 at 2]. The Defendant responds that the Federal Rules of Civil Procedure have applied to this action from the time of its removal, and under these rules, the parties cannot undertake discovery until they have participated in a Rule 26(f) conference.

There appears to be no dispute that a Rule 26(f) conference has not taken place in this case.

Because no Rule 26(f) conference has been conducted and for the reasons more fully stated below, the Court finds that the Motion to Deem Requests for Admissions as Admitted **[Doc. 19]** is not well-taken, and it is **DENIED**.

II.     ANALYSIS

It is well-settled that once a state court action is removed, it is governed by federal, rather than state, rules of procedure. See Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from a state court."); see also Willy v. Coastal Corp., 503 U.S. 131 (1992) (describing the "expansive language" of Rule 81 as making no exceptions). Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, the parties may not begin discovery until they have conferred as required by Rule 26(f), even where written discovery has been served while the case was pending in a state court, see Riley v. Walgreen Co., 233 F.R.D. 496, 498-99 (S.D. Texas 2005).

This matter having been removed, the Court finds that the parties are prohibited from seeking discovery from one another until a Rule 26(f) conference has been conducted. As to the outstanding discovery requests, the Court finds that, since the time of removal discovery in this matter has been prohibited pending a Rule 26(f) conference. Thus, the Court will not deem the Requests for Admission to be admitted. Following the parties' Rule 26(f) conference, discovery in this matter will commence and the Defendant shall timely respond to the Requests for Admission.

Finally, under Rule 26(f) the parties are to schedule their discovery conference "as soon as practicable" or prior to the entry of the scheduling order. The scheduling order in this case has been entered, and this matter has been pending in this Court for over a year and a half. The Court finds that the parties' discovery conference should be scheduled as soon as possible, and **ORDERS** that it take place no later than **September 20, 2010.** After this conference takes place, discovery in this

matter shall commence. However, because the Requests to Admit are already outstanding, the Defendant shall respond to the Requests to Admit within **fifteen days** of the completion of the scheduling conference.

III. **CONCLUSION**

In sum, the Plaintiff's Motion to Deem Requests for Admissions as Admitted **[Doc. 19]** is **DENIED**. The parties shall participate in a Rule 26(f) discovery conference as soon as possible but no later than **September 20, 2010**, and following the discovery conference, discovery in this case shall commence. Further, the Defendant shall respond to the Requests to Admit within **fifteen days** of the completion of the scheduling conference.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge